Shelley L. RUSSELL, Plaintiff
and Appellant,

v.

The STANDARD CORPORATION, The
Salt Lake Tribune, and The Associated
Press, Defendants and Appellee.

No. 940378.

Supreme Court of Utah.

July 6, 1995.

B. Ray Zoll, Salt Lake City, for appellant.

Randy L. Dryer, David W. Zimmerman, Salt Lake City, for appellee.

ZIMMERMAN, Chief Justice:

Shelley Russell appeals the dismissal of her claim for libel against The Standard Corporation ("Standard") on the ground that her claim is barred by the applicable statute of limitations. We affirm.

The material facts in this case are not disputed. On November 26, 1992, Standard published an article in the *Ogden Standard Examiner* ("*Standard Examiner*"), an Ogden newspaper with approximately 63,000 subscribers. That same day, Standard electronically transmitted the article to The Associated Press news organization. The Associated Press then distributed the article to its Utah members, including The Salt Lake

Tribune, which published the article on November 29, 1992.

In November of 1993, Russell filed this libel action against The Associated Press and The Salt Lake Tribune, alleging that the article contained defamatory statements against her.[1] On February 7, 1994, after learning that Standard had originated the article, Russell amended her complaint to add Standard as a defendant. Shortly thereafter, Standard moved to dismiss pursuant to rule 12(b)(6) of the Utah Rules of Civil Procedure. The district court granted Standard's motion, concluding that Russell's claim against Standard was time-barred under Utah Code Ann. § 78–12–29(4), which provides a one-year statute of limitations for libel actions. Russell appeals.

■ "A rule 12(b)(6) motion to dismiss admits the facts alleged in the complaint but challenges the plaintiff's right to relief based on those facts." *St. Benedict's Dev. Co. v. St. Benedict's Hosp.*, 811 P.2d 194, 196 (Utah 1991). In determining whether a trial court properly granted a motion to dismiss under rule 12(b)(6), we accept the factual allegations in the complaint as true and consider them and all reasonable inferences to be drawn from them in a light most favorable to the plaintiff. *Colman v. Utah State Land Bd.*, 795 P.2d 622, 624 (Utah 1990); *Lowe v. Sorenson Research Co.*, 779 P.2d 668, 669 (Utah 1989). "Because the propriety of a 12(b)(6) dismissal is a question of law, we give the trial court's ruling no deference and review it under a correctness standard." *St. Benedict's*, 811 P.2d at 196 (citing *Lowe*, 779 P.2d at 669; *Kimball v. Campbell*, 699 P.2d 714, 716 (Utah 1985)).

■ Citing *Allen v. Ortez*, 802 P.2d 1307 (Utah 1990), Russell contends that the running of the statute of limitations was tolled until she discovered or reasonably could have discovered that Standard was the source of the article. The plaintiffs in *Allen* brought a libel action arising out of, inter alia, a letter directed to the mayor of Murray City. *Id.* at 1308–09. The defendants argued that the plaintiffs' action was time-barred because the

letter was sent more than one year before the action was commenced. *Id.* at 1313. We disagreed, holding:

> [I]n libel cases, the one-year period of section 78–12–29(4) does not begin to run until the libel is known or is reasonably discoverable by the plaintiff. Whether plaintiffs knew or should have known of the letter to the mayor is a question of fact to be determined on remand.

*Id.* at 1314. According to *Allen*, Russell asserts, this case should be remanded for a determination of the factual question of when she first learned or could reasonably have discovered that the article originated with Standard.

In response, Standard argues that the discovery rule does not operate to toll the running of the statute of limitations unless the alleged defamation is inherently undiscoverable by the plaintiff, such as that arising out of a private communication like the letter at issue in *Allen*. Because Russell's defamation claim arose out of a newspaper article, Standard contends, the alleged defamation was not inherently undiscoverable and therefore the discovery rule should not apply.

We decline any suggestion by Standard that we adopt a test different than that announced in *Allen*. However, we think that under *Allen*'s standard, the complained-of statements were "reasonably discoverable," as a matter of law, on the date when they were first published in the *Standard Examiner*. We stand by our statement in *Allen* that "potential plaintiffs should not be barred from suit if they did not know and could not reasonably have known of the underlying facts giving rise to a cause of action," but we conclude that an alleged defamation is reasonably discoverable, as a matter of law, at the time it is first published and disseminated in a newspaper which is widely available to the public. *See Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.*, 61 Ill.2d 129, 334 N.E.2d 160, 164 (1975) ("In claimed libels involving, for example, magazines, books, newspapers, and radio and television programs, the publication has been for public attention and knowledge and the

---

1. Both The Salt Lake Tribune and The Associated Press were subsequently dismissed from the law-

suit on the ground that the alleged defamatory statements were privileged.

person commented on, if only in his role as a member of the public, has had access to such published information."); *accord Fleury v. Harper & Row, Publishers, Inc.,* 698 F.2d 1022, 1028 & n. 4 (9th Cir.), *cert. denied,* 464 U.S. 846, 104 S.Ct. 149, 78 L.Ed.2d 139 (1983); *McGuiness v. Motor Trend Magazine,* 129 Cal.App.3d 59, 180 Cal.Rptr. 784, 786 & n. 2 (1982). Any other rule would unduly prolong the exposure of the media to libel suits by rewarding the inattentive plaintiff. Because the article at issue in this case was reasonably discoverable as a matter of law as soon as it was published and disseminated in the *Standard Examiner,* the discovery rule did not toll the running of the statute of limitations.

 Russell also contends that her claim against Standard is not time-barred because her amended complaint in which she added Standard as a defendant relates back to the date her original complaint was filed, which was within the one-year period of limitations following Standard's publication of the article in the *Standard Examiner.* Rule 15(c) of the Utah Rules of Civil Procedure provides, "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." Utah R.Civ.P. 15(c). This rule allows a plaintiff to cure defects in his or her original complaint despite the intervening running of a statute of limitations. *Meyers v. Interwest Corp.,* 632 P.2d 879, 882 (Utah 1981).

Nonetheless, rule 15(c) does not apply to amendments that add new parties "who have no identity of interest with existing parties." *Perry v. Pioneer Wholesale Supply Co.,* 681 P.2d 214, 217 (Utah 1984). " 'Identity of interest' as used in this context means that the parties are so closely related in their business operations that notice of the action against one serves to provide notice of the action to the other." *Id.* Russell does not assert that her original complaint "serve[d] to provide notice of the action to [Standard]." In fact, the only argument Russell raises in support of her contention that Standard, The Associated Press, and

The Salt Lake Tribune have an identity of interest is that "they adopt and incorporate the same material, pursuant to contractual agreements with one another." However, privity of contract alone is an insufficient identity of interest for relation back under rule 15(c). *Id.* Moreover, we cannot see how the fact that Standard and the two original defendants publish the same articles shows that they have an identity of interest. Therefore, Russell's amended complaint does not relate back to the date her original complaint was filed.

For the foregoing reasons, we conclude that Russell's claim against Standard is barred by the statute of limitations. Accordingly, we affirm.

STEWART, Associate C.J., and HOWE, DURHAM and RUSSON, JJ., concur.