*This opinion is subject to revision before final publication in the Pacific Reporter*

**2017 UT 29**

IN THE

### SUPREME COURT OF THE STATE OF UTAH

2010-1 RADC/CADC VENTURE, LLC,
*Respondent,*

*v.*

DOS LAGOS, LLC; MELLON VALLEY, LLC; ROLAND NEIL FAMILY
LIMITED PARTNERSHIP; ROLAND N. WALKER; and SALLY WALKER,
*Petitioners.*

No. 20160436
Filed June 2, 2017

On Certiorari to the Utah Court of Appeals

Second District, Farmington
The Honorable John R. Morris
No. 110700200

Attorneys:

Richard C. Terry, Jeremiah R. Taylor, Douglas A. Oviatt,
Salt Lake City, for respondent

Douglas B. Thayer, Andy V. Wright, Lehi, for petitioners

JUSTICE PEARCE authored the opinion of the Court, in which
CHIEF JUSTICE DURRANT, ASSOCIATE CHIEF JUSTICE LEE,
JUSTICE DURHAM, and JUSTICE HIMONAS joined.

JUSTICE PEARCE, opinion of the Court:

#### INTRODUCTION

¶1 Petitioners Dos Lagos, LLC and Mellon Valley, LLC defaulted on a loan in which Utah First Federal Credit Union (Utah First) owned a 52 percent interest and 2010-1 RADC/CADC Venture, LLC (RADC) owned a 48 percent interest. Utah First filed a deficiency action against Petitioners Dos Lagos, LLC; Mellon Valley, LLC; and guarantors, the Roland Neil Family Limited Partnership, Roland N. Walker, and Sally Walker (collectively, Dos Lagos). Utah First filed an amended complaint adding RADC as a party plaintiff,

but not before the statute of limitations had expired. The district court held that the amended complaint related back to the date of the original complaint under Utah Rule of Civil Procedure 15(c) and awarded RADC the full amount of the loan. The court of appeals affirmed, and we granted Dos Lagos's petition for a writ of certiorari. Dos Lagos first argues that RADC's claims do not relate back to the filing of Utah First's original complaint under rule 15(c). Second, Dos Lagos argues that the court of appeals erred in awarding 100 percent of the amount due on the note to RADC.

¶2   We conclude that the amended complaint relates back to the date of the original complaint and that the court of appeals properly upheld the district court's decision to allow RADC to collect the full amount due on the note.

## BACKGROUND

¶3   In March 2007, America West Bank (America West) loaned Dos Lagos, LLC and Mellon Valley, LLC $2.5 million under a Loan Agreement. The Roland Neil Family Limited Partnership, Roland Walker, and Sally Walker each personally guaranteed the loan.

¶4   The Loan Agreement states that the Lender may "sell, transfer, assign or grant participations in all or any part of the Loan." The Loan Agreement also provides that the "Borrower . . . unconditionally agrees that either Lendor or such purchaser may enforce Borrower's obligation under the Loan irrespective of the failure or insolvency of any holder of any interest in the Loan."

¶5   In December 2007, America West entered into a Loan Participation Agreement (Participation Agreement) with Utah First Federal Credit Union. Under the Participation Agreement, Utah First obtained an undivided 52 percent interest in the Loan, and America West retained an undivided 48 percent interest.

¶6   The following December, Dos Lagos, LLC and Mellon Valley, LLC executed a Change in Terms Agreement, which modified and extended their promissory note (Note) with America West. The Note was secured by real property that Mellon Valley, LLC owned (Property). The Revolving Credit Deed of Trust on the Property named America West as both beneficiary and trustee.

¶7   Then in May 2009, the Federal Deposit Insurance Corporation (FDIC) closed America West and seized its assets, including America West's interest in the Note. Between May and December 2009, the FDIC sent Dos Lagos multiple letters, notifying

it that its loan with America West was in default and demanding payment. In 2010, the FDIC auctioned and sold America West's 48 percent interest in the Note to 2010-1 RADC/CADC Venture, LLC (RADC). The FDIC subsequently assigned and transferred the Revolving Credit Deed of Trust to RADC and recorded the assignment at the Washington County Recorder's Office. In September 2010, Dos Lagos, LLC and Mellon Valley, LLC received notice from the FDIC that their loan had been transferred from America West to RADC.

¶8 In December 2010, RADC purchased the Property securing the Note at a trustee's sale for $1,060,000.00. The value of the Property securing the Note was $1,510,000.00. At the time of the sale, the outstanding payoff balance on the Revolving Credit Deed of Trust was $3,426,701.91, leaving a deficiency of $1,916,701.91 between the amount owed and the value of the Property.

¶9 In January 2011, Utah First filed a deficiency action (Original Complaint) intending to recover the difference between the entire debt under the Note and the value of the Property. Utah First was the Original Complaint's sole plaintiff. And although the Original Complaint made reference to "the entire amount of indebtedness" and demanded "all sums due and owing pursuant to" the Note's terms, Utah First erroneously alleged that the total amount owed on the Note was just $1,819,774.97. Dos Lagos moved to dismiss, alleging that Utah First was not the real party in interest under Utah Rule of Civil Procedure 17(a). Dos Lagos also claimed that Utah First had no cause of action because America West transferred its interests in the Trust Deed and Note to RADC, not Utah First.

¶10 In August 2011, more than eight months after the trustee's sale, Utah First filed a motion for leave to amend the complaint with a proposed amended complaint (First Amended Complaint). The First Amended Complaint added RADC as a party plaintiff. It also clarified that under the Participation Agreement, Utah First received an undivided 52 percent interest in the loan and America West received an undivided 48 percent interest, which the FDIC later sold to RADC. Dos Lagos stipulated to the filing of the First Amended Complaint.

¶11 In June 2012, Utah First and RADC proposed a second amended complaint (Second Amended Complaint) to correct the total amount of alleged indebtedness to $3,426,701.91. Utah First filed an affidavit claiming that the Original Complaint mistakenly

referenced $1,819,774.97 as the "outstanding payoff balance" when that sum represented only Utah First's 52 percent interest.[1] The Second Amended complaint corrected the amount of alleged indebtedness to include RADC's 48 percent interest, $1,606,926.94. Dos Lagos did not object, and the Second Amended Complaint was filed on September 7, 2016.

¶12 Both Utah First and RADC filed motions for summary judgment. The district court concluded that genuine issues of material fact precluded summary judgment on Utah First's claims and denied Utah First's motion for summary judgment.[2] The court granted RADC's motion for summary judgment and awarded RADC the entire deficiency amount.

¶13 Dos Lagos appealed the district court's findings and argued that "RADC's complaint should not relate[] back to the time Utah First filed its complaint" because RADC's claim arising out of its ownership in 52 percent of the Note should be considered a different claim than Utah First's claim for the other 48 percent of the Note.

¶14 The court of appeals affirmed the district court's ruling. The court of appeals held that, under Utah Rule of Civil Procedure 15(c), the First Amended Complaint related back to the filing of the Original Complaint. *2010-1 RADC/CADC Venture*, 2016 UT App 89, ¶¶ 13–14. The court of appeals also rejected Dos Lagos's argument that RADC should not be entitled to the full amount of the Note. The

---

[1] As the court of appeals noted, "by our math, fifty-two percent of $3,426,701.91 is $1,781,884.99." *2010-1 RADC/CADC Venture, LLC v. Dos Lagos, LLC*, 2016 UT App 89, ¶ 5 n.2, 372 P.3d 683. "By our math" is quite possibly one of the most frightening phrases a judge can write.

[2] The district court recognized that under both state and federal laws, "a credit union [may] participate[] in loans only if the loan is made to the credit union's own members or the member of another participating credit union." (citing UTAH CODE §§ 7-9-20(7)(b)(ii)(A) & (8)(c)(ii)(A) and 12 C.F.R. § 701.22(d)(2)). Because it found that "genuine issues of material fact exist[ed] with regard to whether Roland N. Walker was a member of Utah First Federal Credit Union prior to its entry into the Participation Agreement with America West Bank," the district court denied Utah First's motion for summary judgment. This question is not before us.

court of appeals concluded that Dos Lagos had not cited any "statute, case, or other authority" to support their position and had therefore failed "to carry their burden of persuasion on appeal." *Id.* ¶ 21.

## ISSUES AND STANDARD OF REVIEW

¶15 Dos Lagos first challenges the court of appeals' conclusion that RADC's claims against Dos Lagos could be deemed to relate back to the filing of the Original Complaint under rule 15(c) of the Utah Rules of Civil Procedure. Second, Dos Lagos argues that the court of appeals erred when it affirmed the district court's award of 100 percent of the amount due on the note to RADC.

¶16 This court considers appeals from a district court's summary judgment decision "for correctness, giving no deference to the [lower] court's decision." *Bahr v. Imus*, 2011 UT 19, ¶ 15, 250 P.3d 56. We consider "the facts and all reasonable inferences . . . in the light most favorable to the nonmoving party." *R & R Indus. Park, L.L.C. v. Utah Prop. & Cas. Ins. Guar. Ass'n*, 2008 UT 80, ¶ 18, 199 P.3d 917 (citation omitted).

## ANALYSIS

### I. The Statute of Limitations Did Not Bar RADC's Deficiency Claim Because RADC's Addition to the Action Related Back to the Original Complaint

¶17 Dos Lagos contends that the statute of limitations in Utah Code section 57-1-32 bars RADC's claim. That section requires a party seeking "to recover the balance due upon the obligation for which the trust deed was given as security" to bring an action "within three months after any sale of property under a trust deed." UTAH CODE § 57-1-32. Dos Lagos points out that the Original Complaint, though timely filed, did not identify RADC as a party plaintiff. Dos Lagos asserts that RADC did not file an independent action or appear on any complaint against Dos Lagos until over eight months past the filing deadline. Dos Lagos contends that because RADC did not commence an action against Dos Lagos within three months of the trustee's sale, the statute of limitations barred RADC's claim.

¶18 Utah Rule of Civil Procedure 15(c) (2011) provides that "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment

relates back to the date of the original pleading." UTAH R. CIV. P. 15(c) (2011).[3]

> Rule 15(c) is based on the notion that once litigation involving particular conduct or a given transaction or occurrence has been instituted, the parties are not entitled to the protection of the statute of limitations against the later assertion by amendment of defenses or claims that arise out of the same conduct, transaction, or occurrence as set forth in the original pleading.

6A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE: CIVIL § 1496 (3d ed. 2017) (discussing the similarly worded Federal Rule of Civil Procedure).[4] It bears emphasis that rule 15(c) is designed to strike a balance between the policy of deciding a case on its merits and allowing a party to enjoy the benefits of the statute of limitations. *See, e.g.*, *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149 n.3 (1984) ("The rationale of [Federal] Rule 15(c) is that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide.").

---

[3] The language of rule 15(c) has been amended to read "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." UTAH R. CIV. P. 15(c)(2) (2017). The parties do not argue that the amended rule should apply nor that its application would alter the outcome. Unless otherwise indicated, we reference the 2011 version of Utah Rule of Civil Procedure 15(c).

[4] "Because the Utah Rules of Civil Procedure are patterned after the Federal Rules of Civil Procedure, where there is little Utah law interpreting a specific rule, we may [also] look to the Federal Rules of Civil Procedure for guidance." *Drew v. Lee*, 2011 UT 15, ¶ 16, 250 P.3d 48 (alteration in original) (citation omitted).

¶19 The then-applicable version of Utah's rule 15(c) did not expressly contemplate the substitution of parties.[5] In interpreting that version of the rule, we noted that "[r]ule 15(c) will not apply to an amendment which substitutes or adds new parties for those brought before the court by the original pleadings." *Doxey-Layton Co. v. Clark*, 548 P.2d 902, 906 (Utah 1976). However, we also recognized that an exception to this general rule exists "where there is a relation back, as to both plaintiff and defendant, . . . so it can be assumed or proved the relation back is not prejudicial."[6] *Id.* One circumstance under which relation back is not prejudicial is "when new and old parties have an identity of interest." *Id.* In such a case, the "real parties in interest [would be] sufficiently alerted to the proceedings" so that no prejudice would result from a party's addition. *Id.*

¶20 Here, that translates into RADC needing to demonstrate that (1) "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading," UTAH R. CIV. P. 15(c); and (2) that Dos Lagos would not be prejudiced by RADC's entry into the litigation. RADC can demonstrate a lack of prejudice by proving that

---

[5] In contrast, the current version of rule 15(c) expressly provides that an amended pleading that adds, substitutes, or changes the name of a party relates back to the date of the original pleading under certain circumstances. UTAH R. CIV. P. 15(c)(3) (2017).

[6] We have also recognized an exception in misnomer cases where a complaint contains some nonprejudicial technical defect in the naming of a party. *Penrose v. Ross*, 2003 UT App 157, ¶ 12, 71 P.3d 631 ("A misnomer is involved when the correct party was served so that the party before the Court is the one Plaintiff intended to sue, but the name or description of the party in the Complaint is deficient in some respect." (citation omitted)). These cases are analyzed under rule 15(c) of the Utah Rules of Civil Procedure focusing on whether the misnamed party had sufficient notice of the action so that relation back is not prejudicial. *See Wilcox v. Geneva Rock Corp.*, 911 P.2d 367, 371 (Utah 1996) (holding that mistake in defendant's name "was a nonprejudicial misnomer subject to relation back upon amendment"); *Tan v. Ohio Cas. Ins. Co.*, 2007 UT App 93, ¶ 13, 157 P.3d 367 (same). As with the addition of a new party, the key inquiry centers on whether the amendment will prejudice the nonmoving party.

the new and existing plaintiffs "are so closely related . . . that notice of the action against one serves to provide notice of the action to the other." *VCS, Inc. v. Utah Cmty. Bank*, 2012 UT 89, ¶ 27, 293 P.3d 290 (citation omitted). Thus, we look to see if there is an identity of interest as a means of testing whether a party would be prejudiced by the late addition of a party to the litigation.

¶21 Dos Lagos argues that RADC and Utah First did not share an identity of interest because they are distinct entities and because "privity of contract alone is an insufficient identity of interest for relation back under rule 15(c)." *Russell v. Standard Corp.*, 898 P.2d 263, 265 (Utah 1995). Dos Lagos correctly asserts that privity of contract alone is generally insufficient to establish an identity of interest. This is because privity of contract alone is generally insufficient to put a party on notice that a suit filed against one party to a contract means that the other contracting party's interest may also be at issue in the litigation. However, the identity of interest between RADC and Utah First extends beyond mere privity of contract. The court of appeals correctly reasoned that, while "it is often necessary to look at the connection between the business operations of the original and added parties, . . . that factor alone is insufficient to resolve an identity-of-interest question." *2010-1 RADC/CADC Venture, LLC v. Dos Lagos, LLC*, 2016 UT App 89, ¶ 13, 372 P.3d 683. In other words, the court of appeals recognized that situations exist where, despite the lack of business connections, two parties are so closely related to each other in a particular transaction that if one of the parties finds itself in litigation, the other should be on notice that its interests could be at issue as well.

¶22 Dos Lagos cites three cases in which we held that privity of contract alone is insufficient to establish an identity of interest sufficient to support relation back of an amended complaint. Each of those cases is distinguishable from the present case.

¶23 In *Perry v. Pioneer Wholesale Supply Co.*, a general contractor sued a subcontractor for installing defective doors. 681 P.2d 214, 216 (Utah 1984). The subcontractor had "ordered the doors by telephone from the supplier, . . . which then ordered them from the manufacturer." *Id.* After the statute of limitations had expired, the subcontractor proposed an amended third-party complaint for indemnity against the manufacturer and supplier of the door. *Id.* The subcontractor, manufacturer, and supplier were not "so closely related in their business operations that notice of the action against one serve[d] to provide notice of the action to the other." *Id.* at 217.

Based on the lack of "evidence showing any identity of interest between the [general contractor], the [subcontractor], and the [supplier and manufacturer] other than privity of contract," we affirmed the dismissal of the subcontractor's third-party action. *Id.* In other words, in *Perry*, the defendant attempted to bring in third-party defendants after the statute of limitations had run. The ultimate inquiry for this court was whether the manufacturer and supplier would have had any idea that their interests would have been implicated in the suit between the general contractor and the subcontractor. We held that the relationship between the subcontractor, the manufacturer, and the distributor was not such that notice to one would have constituted notice to all.

¶24 Dos Lagos also cites *Russell*, 898 P.2d 263. In *Russell*, Russell filed a libel action against the Associated Press (AP) and the Salt Lake Tribune (Tribune), based on an article that the Ogden Standard-Examiner (Standard) had originally published. *Id.* at 264. After the statute of limitations for libel actions had run, Russell amended her complaint to add the Standard as a defendant. *Id.* We rejected Russell's argument that the Standard, the AP, and the Tribune had an identity of interest because "they adopt and incorporate the same material, pursuant to contractual agreements with one another." *Id.* at 265. We concluded that the parties did not have an identity of interest sufficient for relation back under rule 15(c). And again, this rested on the underlying observation that the Standard did not share a relationship with the AP and the Tribune such that a lawsuit against the AP and the Tribune would have put the Standard on notice that its interests would be at issue in the litigation.

¶25 Finally, Dos Lagos cites *VCS, Inc.*, 2012 UT 89. In *VCS*, VCS, Inc. sought to foreclose a mechanic's lien. *Id.* ¶ 2. VCS originally sued the owner but failed to both name a third-party lender and to file a *lis pendens* within 180 days as the statute required. *Id.* ¶¶ 2, 29. VCS later filed an amended complaint adding claims against Utah Community Bank. *Id.* ¶ 9. VCS argued that its amended complaint should relate back to the filing of the original complaint. *Id.* ¶ 24. This court held that the original defendant owner and Utah Community Bank did not share an identity of interest based solely on their contractual relationship as borrower and lender. *Id.* ¶ 29. Once again, the underlying consideration was that, absent the filing of a *lis pendens*, a suit against a property owner would not have put the lender on notice that its interests would be at issue in litigation

such that it could anticipate being added to the suit after the statute of limitations expired.

¶26 Dos Lagos also argues that the Original Complaint did not provide it with sufficient notice that RADC might be added as a plaintiff. And we agree that there are many instances where the late addition of a plaintiff might catch a defendant unaware and prejudice its ability to defend itself. Dos Lagos contends that receiving notice of Utah First's action to recover its 52 percent interest in the loan did not put Petitioners on notice that RADC would also seek a deficiency judgment for its 48 percent interest. "[B]eing on notice that one creditor intends to sue," Dos Lagos argues, "is substantially different from being on notice that an additional creditor intends to sue."

¶27 In some circumstances that might be true. But here, Utah First and RADC were co-holders of a single note. Although Utah First and RADC individually owned proportionally different interests in the loan, they owned interests in the same loan.[7] Dos Lagos entered into and defaulted on *one* Loan Agreement. Utah First did not attempt to foreclose or sell a percentage of the Property; it foreclosed and sold the entire Property. The Original Complaint made reference to "the entire amount of the indebtedness" and recited that Utah First demanded "all sums due and owing pursuant to" the Note. Although the Original Complaint bungled what that "entire amount" was, the complaint put Dos Lagos on notice that the claim was for more than Utah First's proportional interest in the Note. *See, e.g.*, *Young v. IBP, Inc.*, 791 N.E.2d 1061, 1065 (Ohio Ct. Com. Pl. 2003) (finding that an original complaint that limited the plaintiff's recovery by erroneously omitting a party plaintiff gave the defendant "notice of the alleged tortious conduct within the two-year statute of limitations" and that defendant "knew, or should

---

[7] Other courts have found defendants received sufficient notice of the possibility that a new plaintiff might be added to a complaint based upon the nature of the asserted claim. *See, e.g.*, *Warren v. Louisiana Med. Mut. Ins. Co.*, 21 So.3d 186, 192 (La. 2008) (holding that an indication that the original plaintiff was "one of the surviving children" provided sufficient notice to defendant of "the reasonable possibility that another surviving child [of defendant] would be entitled to recover") (emphasis omitted).

have known, that but for the mistake of not including the [new plaintiff] as a plaintiff, the action would have been brought against it in the name of all three plaintiffs"). Indeed, Dos Lagos moved to dismiss the Original Complaint on the grounds that RADC, not Utah First, should have brought suit. The Original Complaint provided sufficient notice to Dos Lagos that Utah First and/or RADC might seek to collect the entire deficiency amount.

¶28 Moreover, nothing in the record suggests that Dos Lagos suffered prejudice from RADC's late addition. And Dos Lagos has not argued or even hinted at any way in which it would have changed its approach to the litigation had RADC been a party to the suit from the initial filing date. Dos Lagos has not identified any way in which the addition of RADC as a party plaintiff required it to change the manner in which it conducted its discovery or prepared its defense. Nor does it point to any lost evidence or testimony occasioned by the delay in RADC joining the proceedings. As the court of appeals noted, the First Amended Complaint "did nothing more than add RADC, a successor coholder of the very note Utah First had sued upon, as a plaintiff." *2010-1 RADC/CADC Venture*, 2016 UT App 89, ¶ 12. Adding RADC would have been improper had it prejudiced Dos Lagos, but the record provided the court of appeals no reason to conclude that Dos Lagos suffered any prejudice. The court of appeals correctly upheld the district court's grant of summary judgment.

### II. The Court of Appeals Did Not Err When It Affirmed that RADC Was Entitled to the Full Deficiency Amount

¶29 Dos Lagos argues that the court of appeals erred when it found that Dos Lagos had not carried its burden of persuasion on its argument that the district court improperly awarded RADC the full amount due under the Note. The court of appeals stated

> [Dos Lagos] complain[s] that the district court's order, making the judgment subject to any subsequently determined interest of Utah First, "cited no law." But after registering this complaint, [Dos Lagos] direct[s] this court to no statute, case, or other authority that supports [its] contention that the district court got this wrong. [Dos Lagos's] failure to carry [its] burden of persuasion on appeal is a sufficient ground for us to reject this argument.

*2010-1 RADC/CADC Venture, LLC v. Dos Lagos, LLC*, 2016 UT App 89, ¶ 21, 372 P.3d 683 (citing *Hi-Country Estates Homeowners Ass'n v. Jesse Rodney Dansie Living Tr.*, 2015 UT App 218, ¶ 8, 359 P.3d 655).

¶30 Dos Lagos assumes the court of appeals declined to address the merits of this second issue on the basis of inadequate briefing. And, indeed, even though the court of appeals never used the words "inadequate briefing" to bolster its conclusion that Dos Lagos had not met its burden of persuasion, it cited *Hi-Country Estates Homeowners Ass'n*, a case that discusses inadequate briefing.[8] Dos Lagos asserts that the court of appeals erred because Dos Lagos's "briefing on this issue was not inadequate." In support, Dos Lagos points out that it "dedicated over two full pages to this argument and provided both analysis and legal authority to support its argument."[9] Of course, it is not the size of an argument that matters. Some parties adequately brief an argument in a well-crafted paragraph. Others manage to inadequately brief an argument in fifty pages.

¶31 In its brief to the court of appeals, Dos Lagos dedicated its two pages to complaining that the award to RADC would result in an impermissible windfall. This approach suffered from two defects. First, it failed to even mention the district court's conclusion that Dos Lagos "concede[s] that [RADC] may seek remedy against [Dos Lagos] for the entire amount of deficiency." Second, Dos Lagos's

---

[8] In *State v. Roberts*, we held that "like the marshaling requirement imposed by rule 24(a)(9) of the Rules of Appellate Procedure, our adequate briefing requirement is not a 'hard-and-fast default notion.' Instead, it is a 'natural extension of an appellant's burden of persuasion.'" 2015 UT 24, ¶ 18, 345 P.3d 1226 (citing *State v. Nielsen*, 2014 UT 10, ¶¶ 40–41, 326 P.3d 645). Though we will not automatically decline to address an issue on the basis of inadequate briefing, a party who fails to include in an argument and cite "authorities, statutes, and parts of the record relied on," UTAH R. APP. P. 24(a)(9), "will almost certainly fail to carry its burden of persuasion on appeal," *Nielsen*, 2014 UT 10, ¶ 42. That is what the court of appeals appears to have concluded here.

[9] Dos Lagos changed counsel after it filed its opening brief before the court of appeals. Dos Lagos's counsel of record before this court is not responsible for the brief the court of appeals found lacking.

opening brief before the court of appeals did not address the Note's language, which acknowledged that America West might sell participation in the Note and that Dos Lagos "unconditionally agree[d] that either [America West] or such purchaser [of an interest in the Note] may enforce [Dos Lagos]'s obligation." Instead, Dos Lagos complained that "the district court cited no law, and provided no valid reason for awarding RADC the full judgment rather than its proportionate share of the Note."

¶32 We have dealt with this situation before—that is, where a party attempts to meet its burden of persuasion with general arguments rather than an analysis of the key contractual language. In *ASC Utah, Inc. v. Wolf Mountain Resorts, L.C.*, Wolf Mountain appealed the district court's adoption of ASC Utah's interpretation of an agreement. 2013 UT 24, ¶ 14, 309 P.3d 201. We declined to address Wolf Mountain's agreement-based contentions because Wolf Mountain did not present competing interpretations or provide "reasoned argument and legal authority" that would overcome ASC Utah's interpretation of the agreement. *Id.* ¶¶ 15–16. We repeated that "[a]ppellate courts are 'not a depository in which [a party] may dump the burden of argument and research.'" *Id.* ¶ 16 (second alteration in original) (citation omitted). This court held that Wolf Mountain failed to meet its "burden to clearly set forth the issues they [were] appealing and to provide reasoned argument and legal authority." *Id.*

¶33 Dos Lagos asked the court of appeals to evaluate the district court's conclusion that RADC was entitled to collect the full amount due on the Note. Just as Wolf Mountain did in *ASC Utah*, Dos Lagos failed to present a competing interpretation and present reasoned argument and legal authority.[10] Considering the paucity of analysis and legal arguments in Dos Lagos's court of appeals brief, the court

_____

[10] Dos Lagos did address the Note's language in its reply brief to the court of appeals. However, issues are not properly presented if they are argued for the first time in a reply brief. *See Coleman ex rel. Schefski v. Stevens*, 2000 UT 98, ¶ 9, 17 P.3d 1122 ("[B]ecause [the appellant] argued plain error or manifest injustice for the first time in his reply brief, we decline to review [those issues]."). Dos Lagos does not argue—as it must to succeed in this court—that the court of appeals erred in not taking up an argument that Dos Lagos waited to raise in its reply.

of appeals properly rejected Dos Lagos's second argument because Dos Lagos failed "to carry [its] burden of persuasion on appeal." *2010-1 RADC/CADC Venture*, 2016 UT App 89, ¶ 21.

## CONCLUSION

¶34  The court of appeals did not err when it found that RADC's claim was not time barred under Utah Rule of Civil Procedure 15(c) and awarded RADC the full deficiency amount. We affirm.

———————