**Larry RAITHAUS, M.D., Plaintiff and Appellant,**

v.

**SAAB–SCANDIA OF AMERICA, INC., a Connecticut corporation; Ken Garff Foreign Cars, Inc., a Utah corporation; and Saab–Scandia AB, a Swedish corporation, Defendants and Appellees.**

No. 860208.

Supreme Court of Utah.

Dec. 18, 1989.

LeRoy S. Axland, Michael W. Homer and Fred R. Silvester, Salt Lake City, for plaintiff and appellant.

L. Rich Humpherys and M. Douglas Bayly, Salt Lake City, for defendants and appellees.

DURHAM, Justice:

This appeal concerns a products liability action filed by Larry Raithaus (Raithaus) against Saab–Scandia of America, Inc., and Saab–Scandia AB (Saab). The issue is whether the six-year time period in the Utah Products Liability Act (the Act) may be applied to Raithaus' cause of action in place of the two-year statute of limitations in section 78–12–28(2) of the Utah Code.[1]

**1.** The Act was declared unconstitutional in *Berry ex rel. Berry v. Beech Aircraft Corp.,* 717 P.2d 670 (Utah 1985), but was in effect at the time of the events giving rise to this lawsuit.

We hold that the six-year period was a statute of repose and therefore did not extend the time in which Raithaus could file.

Raithaus purchased an allegedly defective 1976 automobile manufactured and imported by Saab. In July 1979, the Saab in which Raithaus and his wife were driving caught fire and Mrs. Raithaus died. Raithaus filed a complaint on November 29, 1982, nearly three and one-half years after the accident, alleging that the fire responsible for Mrs. Raithaus' death was caused by defects in the car.[2]

In March 1983, Saab moved for judgment on the pleadings, alleging that Raithaus' claim for wrongful death was barred by Utah Code Ann. § 78–12–28(2) (1977), which provided that an action "for recovery damages for the death of one caused by the wrongful act or neglect of another" must be brought within two years of the date of death. Raithaus, in turn, argued that the six-year limitation period in the Act was applicable rather than section 78–12–28(2).[3] Judge Billings of the Third District Court denied Saab's motion and ruled that the time period contained in the Act "applie[d] specifically and exclusively to causes of action of the type asserted in plaintiff's complaint." In so ruling, she relied on Utah Code Ann. § 78–12–1 (1977) (minor amendments made in 1987), which prefaced section 78–12–28's general two-year statute of limitations and states, "Civil actions can be commenced only within the periods prescribed in this chapter ... except where in special cases a different limitation is prescribed by statute." She concluded that

"[t]his 'product liability' action is such a special case" and further based her decision on principles of statutory construction and legislative intent.

Saab filed a counterclaim in July 1985, alleging that Raithaus' own negligence was responsible for the accident[4] and, in January 1986, renewed their motion for summary judgment. They claimed that since this Court had recently declared the entire Act unconstitutional in *Berry ex rel. Berry v. Beech Aircraft Corp.*, 717 P.2d 670 (Utah 1985), the six-year limitation period contained in the Act could no longer apply in any event to Raithaus' cause of action. Therefore, Raithaus' failure to file his action within two years after his wife's death barred the suit as a matter of law. Another district court judge newly assigned to the case, Judge Rokich, granted Saab's motion and ordered the case dismissed March 20, 1986.

Raithaus appeals Judge Rokich's order and argues that Judge Billings' earlier ruling should stand. He argues the following: (a) that the six-year time period in the Act was a statute of limitations rather than a statute of repose; (b) that the six-year period became a "vested component" of his cause of action; and (c) that the policy considerations underlying the decision in *Berry* should not be applied here. We need not reach the latter issues if the six-year period was not a statute of limitations. Accordingly, we examine that issue first.

Raithaus claims that he had until February 1983 to file his complaint because the

2. The 1982 complaint stated causes of action for breach of warranties and negligence. An amended complaint filed in March 1986 alleged a strict liability defective product claim only.

3. The Act, found at Utah Code Ann. § 78–15–3 (1977), provided in part as follows:
No action shall be brought for recovery of damages for personal injury, death or damaged property more than six years after the date of initial purchase for use or consumption, or ten years after the date of manufacture of a product where that action is based or arises out of ... (b) defects in design, inspection, testing or manufacture; ... (e) any other alleged defect or failure of whatsoever kind or nature in relation to a product.

4. In July 1985, Utah Code Ann. § 78–27–37 (1977) read:
Contributory negligence shall not bar recovery in an action ... to recover damages for negligence ... resulting in death ... but any damages allowed shall be diminished in the proportion to the amount of negligence attributable to the person recovering.
The law was repealed in 1986, and the current comparative negligence statute enacted. In the event of any recovery, as counterclaimants, Saab would be entitled to Raithaus' contribution as his pro-rata share of negligence as a set-off.

six-year limitation period in the Act superseded the two-year statute of limitations in the wrongful death statute. He offers several arguments in support of this view. First, Raithaus maintains that general statutes of limitations such as the one contained in section 78–12–28(2), the wrongful death statute, do not apply when more specific time periods are otherwise prescribed by law. The version of section 78–12–1 in effect when Raithaus' cause of action accrued, which introduces the Utah Code chapter on "Limitations of Actions," stated: "Civil actions can be commenced only within the periods prescribed in this chapter, after the cause of action occurred, except where in special cases a different limitation is prescribed by statute." Raithaus contends that his products liability suit falls under the type of "special case" that section 78–12–1 was designed to cover, since the Act prescribed a special limitation period.

Second, Raithaus argues that the Utah legislature intended the time period in the Act to function as a statute of limitations as evidenced by the language in the title preceding the Act: "An act enacting sections 78–15–1 through 78–15–6, Utah Code Annotated 1953; relating to Product Liability ... establishing a *statute of limitations for product liability cases....*" (Emphasis added.) Third, Raithaus contends that standard rules of statutory construction render the two-year statute of limitations inapplicable. He relies on two general propositions: (1) where there is doubt regarding which of two arguably applicable statutes of limitations to apply in a particular case, the longer of the two periods is generally preferred, and (2) should two statutes relating to the same general subject matter be in conflict, the more specific of the two will control. Last, Raithaus argues that holding the six-year period inapplicable will arbitrarily deprive him of a remedy without an alternative in contravention of the equitable considerations in *Berry*.

Raithaus' arguments are dependent on the validity of his initial premise—that the time period in the Act was a statute of limitations rather than a statute of repose.

He admits that this Court in *Berry* analyzed the six-year time period in the Act "from its repose aspect" but nevertheless asserts that legislative intent, statutory language and construction, and equitable considerations clearly favor a statute of limitations interpretation.

■ In *Berry*, we stated, "Statutes of repose, such as section [three] of the Act are different from statutes of limitations, although to some extent they serve the same ends." *Berry*, 717 P.2d at 672 (citing McGovern, *The Variety, Policy and Constitutionality of Product Liability Statutes of Repose*, 30 Am.U.L.Rev. 579, 582–87 (1981) [hereinafter McGovern] ). A statute of limitations requires a lawsuit to be filed within a specified period of time after a legal right has been violated. Utah's wrongful death statute, section 78–12–28(2), is a classic example. On the other hand, statutes of repose are designed to bar actions after a specified period of time has run from the occurrence of some event other than the injury which gave rise to the claim. *Berry* at 672. Since a statute of repose begins to run from a date unrelated to the injury (for example, the date of purchase), it is not designed, as are statutes of limitations, to necessarily allow a "reasonable" time in which to file a lawsuit. *Id.* A statute of repose might theoretically cut off a claim filed within the period allowed by the relevant statute of limitations. *Id.*

In addition, the purposes behind each type of statute are different.

Historically, statutes of limitation prevented plaintiffs from sleeping on their legal rights to the detriment of defendants. The focus in the traditional statutes was upon the conduct of the plaintiff. If the plaintiff did not bring his cause of action in a timely manner, the statute of limitation deprived him of the opportunity to seek judicial redress for an otherwise valid claim. Statutes of repose, however, focus on the age of a product rather than on the plaintiff's conduct. They absolutely bar all claims when products exceed the statutory age

limitation and completely deprive a plaintiff of his rights merely because he has been injured by an older product. Dickson, *The Statute of Limitations in North Dakota's Products Liability Act: An Exercise in Futility?*, 59 N.D.L.Rev. 551, 556–57 (1983).

Legislatures enact statutes of repose, as opposed to statutes of limitations, for specific reasons. As indicated previously, the policies behind statutes of limitations are "to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." *Meyers v. McDonald*, 635 P.2d 84, 86 (Utah 1981) (quoting *Order of Railroad Telegraphers v. Railway Express Agency, Inc.*, 321 U.S. 342, 348–49, 64 S.Ct. 582, 586, 88 L.Ed. 788 (1944)). Statutes of repose, however, are generally enacted to curb rising insurance rates, to increase the availability of insurance, and to reduce the risk and uncertainty of liability for manufacturers and those in the manufacturer's chain of distribution.

It is more reasonable to assume that the Utah legislature intended to enact a statute of repose which would limit the liability of product manufacturers, rather than a more expansive statute of limitations period which would broaden liability. In its declaration of intent, the legislature referred specifically to (1) the rising number of product liability suits; (2) the amount of judgments and settlements in these actions; (3) the rising cost of insurance premiums; and (4) the availability of product insurance. In view of this declaration, it strains reason to believe that the legislature intended to *extend* the statute of limitations period in which a products liability suit

could be filed regardless of what they called the six-year time period in the Act.

Because the goals, functions, and characteristics of each type of statute differ, statutes of repose and statutes of limitations are not interchangeable. Unfortunately, courts, legislatures, and commentators have been sometimes inconsistent in their use of the terms.[5] Note, *Product Liability Statutes of Repose as Conflicting with State Constitutions: The Plaintiffs Are Winning*, 26 Ariz.L.Rev. 363, 365 (1984). Thus, the terms can create analytical difficulties unless care is taken with their use.

■ In a products liability context, the time limitation period extinguishes a cause of action involving a defective or unsafe product after the product reaches a certain age. *Id.* at 366. As previously noted, the Utah Products Liability Act barred an action for recovery more than six years after the date of initial purchase or ten years after the date of manufacture in certain instances. Utah Code Ann. § 78–15–3 (1977). This characteristic fits squarely within a precise definition of a statute of repose because the period of limitation begins to run from a date unrelated to an injury. In *Berry*, where we declared the Utah Products Liability Act unconstitutional as violating the open courts provision in article I, section 11 of our Constitution, we referred to the time period in the Act as a statute of repose. We now expressly hold that the six-year time period in the Act was a statute of repose, reaffirming our view that statutes of repose and statutes of limitations are distinct entities. Because the six-year time period in the Act could not therefore function as a statute of limitations, Raithaus' claim is governed by the

5. For instance, the McGovern article cites five different definitions that have been used to describe a statute of repose:

(1) A general definition which treats repose like other statutes of limitations. The two terms may be used interchangeably.

(2) An even more general meaning encompassing various statutes which lay things to rest (e.g., statutes of limitations, escheats, adverse possession).

(3) A narrow term indicating merely one portion of a bifurcated statutory scheme wherein the discovery of a cause of action begins the running of a traditional statute of limitations, but a separate statute of repose places a cap on the time allowed to sue after discovery occurs.

(4) A meaning which distinguishes a statute of repose from a statute of limitation because the statute of repose begins to run at a time unrelated to the traditional accrual of the cause of action. Under this definition the claim may be barred before it even arises.

(5) The useful safe life provisions adopted in the Uniform Act, which makes the statute of repose a separate affirmative defense. McGovern, at 582–86.

two-year period in the wrongful death statute. It is unnecessary to reach Raithaus' remaining arguments in view of our holding.

The trial court's order of March 20, 1986, granting Saab's motion for summary judgment on the basis of the running of the statute of limitations, is affirmed.

HALL, C.J., and HOWE, Associate C.J., and ZIMMERMAN, J., concur.

STEWART, J., concurs in the result.