*This opinion is subject to revision before final publication in the Pacific Reporter*

**2018 UT 28**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

THE GABLES AND VILLAS AT RIVER OAKS HOMEOWNERS ASSOCIATION,
*Appellee,*

*v.*

CASTLEWOOD BUILDERS, LLC,
*Appellant.*

No. 20161075
Filed June 29, 2018

On Appeal of Interlocutory Order

Third District, Salt Lake
The Honorable Su Chon
No. 100903697

Attorneys:

A. Richard Vial, Michael J. Vial, Edward W. McBride, Salt Lake City,
for appellee

Heinz J. Mahler, Patrick C. Burt, Chelsey E. Phippen, Salt Lake City,
for appellant

ASSOCIATE CHIEF JUSTICE LEE authored the opinion of the Court, in
which CHIEF JUSTICE DURRANT, JUSTICE HIMONAS, JUSTICE PEARCE, and
JUSTICE PETERSEN joined.

ASSOCIATE CHIEF JUSTICE LEE, opinion of the Court:

¶1 A homeowners association sued the general contractor on a
construction project many years after filing suit against other
defendants. After several procedural twists and turns, the
homeowners association finally filed a viable amended complaint
that named the general contractor. But by that time the statute of
repose had run on six buildings in the project.

¶2 The general contractor moved for summary judgment,
asserting that the homeowners association's claims were time-

barred. The district court disagreed and denied the motion. The general contractor then filed this interlocutory appeal.

¶3 We reverse. We hold that an action is commenced under our law not by the filing of a motion for leave to amend but by the filing of a complaint. And we conclude that the homeowners association's claims are time-barred because no viable complaint was filed within the repose period and the complaint did not relate back to a timely pleading.

I

¶4 Castlewood Builders, LLC was the general contractor on the River Oaks project, a development consisting of eleven buildings in Sandy, Utah. The project's developers were Castlewood River Oaks, LLC; Castlewood Development, LLC; and Castlewood Development, Inc. (collectively, the Developers). The six buildings at issue here were completed in 2006 and 2007.

¶5 The HOA for the project, The Gables and Villas at River Oaks Homeowners Association (the Association), later discovered alleged construction defects with the completed buildings. So the Association sued the Developers, asserting claims arising out of defective construction and breach of fiduciary duty. The Developers in turn filed a third-party suit against various subcontractors. At the time, the Association and the subcontractors were unaware of Castlewood Builders' existence.

¶6 In March 2012, the Association and the subcontractors realized that Castlewood Builders had acted as the general contractor on the project. The Association was not in privity with Castlewood Builders, however, so it asked the Developers to bring a third-party suit against Castlewood (despite the fact that the Developers had some relation to Castlewood[1]). The Developers agreed. They filed a motion for leave to amend their third-party complaint on May 2, 2012. The district court granted that motion on December 13, 2012. Once the motion was granted, the Developers assigned their claims against Castlewood Builders to the Association.

---

[1] Castlewood Builders and the Developers have a common owner—a man named Jeff Duke. These entities were also represented by the same counsel in this litigation.

The Association then filed an amended complaint on December 17, 2012, adding Castlewood Builders as a defendant.

¶7 On December 21, 2012, Castlewood Builders accepted service of the Association's amended complaint. But the court struck that complaint because it was the Developers—not the Association—who had obtained leave to amend. The Association then filed its own motion for leave to amend on July 26, 2013. The court granted that motion on March 18, 2014, and the Association filed a procedurally proper amended complaint on May 13, 2014.

¶8 Castlewood Builders moved for summary judgment. It asserted that the 2014 amended complaint had come after the six year statutory period of repose had passed for six of the buildings in the project. *See* UTAH CODE § 78B-2-225(3)(a) (requiring "[a]n action by or against a provider based in contract or warranty . . . be commenced within six years of the date of completion of the improvement or abandonment of construction").

¶9 The relevant timeframe is undisputed. All agree that the 2014 amended complaint was filed more than six years after the final building was completed. But the Association opposed the summary judgment motion, asserting that its 2014 amended complaint was not time-barred because it related back to the date of its original, timely complaint. *See* UTAH R. CIV. P. 15(c) (allowing amendments to relate back to the date of an original pleading in certain circumstances).

¶10 The district court denied the Castlewood Builders motion for summary judgment. It determined that Castlewood Builders and the Developers were so closely related that the Developers' motion for leave to amend put Castlewood Builders on notice of the action for purposes of rule 15(c) of the Utah Rules of Civil Procedure. And it accordingly concluded that the 2014 amended complaint related back to May 2, 2012, when that motion was filed.

¶11 Castlewood Builders filed a petition for interlocutory appeal, which we granted. It contends that rule 15(c) does not apply to statutes of repose, and that even if it did, it is not satisfied in this case. It also raises the question of which filing is the operative one for purposes of any relation back.[2]

---

[2] Castlewood Builders made another argument based in due process. Because we reverse in favor of Castlewood Builders on other grounds, we do not need to reach its due process argument.

¶12 The Association sidesteps these issues. At oral argument in this court the Association conceded that its amended complaint does not relate back under rule 15(c). Yet the Association still defends the district court's decision. It argues that the critical question is when the action "commenced" against Castlewood Builders for the purposes of the statute of repose. And it believes that the Developers commenced that action with their motion for leave to amend.

¶13 Because the Association conceded the relation back issue, we are left with the question of when the action commenced. We address this question below, concluding that the Association commenced its action when it filed its amended complaint on May 13, 2014—after the statute of repose had run on the six buildings at issue here. And we hold that the Association's claims are time-barred on that basis.

II

¶14 The statute of repose requires that the Association's action against Castlewood Builders "be commenced within six years of the date of completion" of the construction project. UTAH CODE § 78B-2-225(3)(a). Construction on the buildings in question was completed in July 2007 at the latest. That means that the Association's 2014 amended complaint came too late to save its claims from the statutory time bar. And the Association's claims can be saved only if the action was commenced by an earlier filing.

¶15 The Association points to the Developers' motion for leave to amend, which was filed on May 2, 2012. It advances a series of arguments in support of its view that the motion effectively commenced its action against Castlewood Builders. First, the Association argues that the Developers' motion gave Castlewood Builders notice of the action, such that Castlewood Builders was not "entitled to any reasonable expectation that the slate ha[d] been wiped clean" by the statute of repose. *Nett v. Bellucci*, 774 N.E.2d 130, 138 (Mass. 2002) (citation omitted) (internal quotation marks omitted). Second, the Association cites precedent endorsing a preference for the resolution of cases on the merits instead of on "technical rules of pleading." *Lawler v. Univ. of Chi. Med. Ctr.*, 51 N.E.3d 1053, 1064 (Ill. App. Ct. 2016) (citation omitted). And finally, the Association insists that injustice would result if motions for leave to amend didn't commence actions, because "the plaintiff has no way of controlling or even predicting the time at which any permission to amend will be granted, and thus no ability to control the date on which the amended complaint itself may be filed." *Kane*

*Cty., Utah v. United States*, 934 F. Supp. 2d 1344, 1363 (D. Utah 2013) (quoting *Nett*, 774 N.E.2d at 136), *rev'd in part on other grounds*, *Kane Cty., Utah v. United States*, 772 F.3d 1205 (10th Cir. 2014); *see also Mayes v. AT&T Info. Sys., Inc.*, 867 F.2d 1172, 1173 (8th Cir. 1989) ("[W]here the petition for leave to amend the complaint has been filed prior to the expiration of the statute of limitations . . . the amended complaint is deemed filed within the limitations period.").

¶16 None of these arguments are addressed to the key interpretive question presented—of what it means to "commence" an action under Utah Code section 78B-2-225(3)(a). This is a procedural question. It is accordingly answered by reference to the Utah Rules of Civil Procedure. And those rules foreclose the Association's arguments.

¶17 Rule 3 states that "[a] civil action is *commenced* (1) by filing a complaint with the court, or (2) by service of a summons together with a copy of the complaint." UTAH R. CIV. P. 3(a) (emphasis added). The rule makes no mention of motions for leave to amend a complaint. And that is fatal to the Association's position. A motion for leave to amend a complaint and to add an additional defendant does not count as "commencing" an action against that party under our rules of civil procedure.

¶18 We are unmoved by the Association's arguments to the contrary. These arguments go to matters of policy. And the text of our law trumps the Association's policy concerns. The question whether Castlewood Builders was on notice is irrelevant, as is the question whether we have some general preference for deciding cases on their merits. And we simply disagree with the assertion that the rule as set out here leaves last-minute plaintiffs without the ability to sue within the statute of repose. *See Kane Cty.*, 934 F. Supp. 2d at 1363. It is true that a party can't control when a motion for leave to amend is granted. But the ability to file another lawsuit within the statutory period *is* within the plaintiff's control. In the face of the looming time bar, the Association could have filed a new, independent action after the Developers had assigned it their claims; and that would have saved the Association from the statutory time bar.

¶19 In the *Kane County* case the federal court took issue with that solution. It said that a requirement of filing a parallel lawsuit "would be a waste of 'scarce judicial resources and impose pointless

litigation costs.'" *Id.* (citation omitted). We aren't convinced. We cannot overrule the plain language of our law in the name of efficiency.[3] And we therefore confirm that an action must be commenced under the terms of rule 3 in order to satisfy the statute of repose.

¶20 We reverse on this basis. To show that it commenced an action within the requisite time frame the Association must point to an actual complaint filed with the court—not just to the Developers' motion for leave to amend. And the Association has failed to identify any such timely complaint. The only viable complaint[4] filed against Castlewood Builders was the 2014 amended complaint, filed on May 13, 2014. So that is the date that the action commenced. And without

---

[3] Nor are we convinced that this is actually inefficient. Time bars promote judicial economy by limiting the litigation of old claims involving old evidence. *See* UTAH CODE § 78B-2-225(2) (noting the "difficulties in defending against claims many years after completion of an improvement," which "constitute clear social and economic evils"). So adherence to rule 3 may be the most efficient course on balance.

[4] The Association did attempt to file one other complaint—in 2012, on the heels of the Developers' motion for leave to amend. But the district court struck that complaint on the ground that only the Developers (not the Association) had secured leave to amend. And the Association has not appealed that decision or preserved an argument that the 2012 complaint should be treated as the pleading that commenced this action for purposes of the statute of repose.

The Association sought to advance this point at oral argument in this court—in response to questions from the bench. It contended, for the first time in this litigation, that the district court may have erred in striking the 2012 complaint. We do not reach this issue, however, because it was neither preserved in the district court nor advanced in the briefs on appeal. *See Kendall v. Olsen*, 2017 UT 38, ¶ 13, __ P.3d __ ("[I]ssues . . . that were not presented in the opening brief are considered waived and will not be considered." (citations omitted)); *Hill v. Superior Prop. Mgmt. Servs., Inc.*, 2013 UT 60, ¶ 46, 321 P.3d 1054 ("Preservation requires affording the district court a meaningful opportunity to rule on the ground that is advanced on appeal . . . .").

an argument that that filing related back to an earlier filing, the Association's claims are barred by the statute of repose.

### III

¶21 The Association's claims against Castlewood Builders as to the six buildings at issue here are time-barred. We reverse the district court and remand for further proceedings consistent with this opinion.

———————