**2019 UT App 149**

# THE UTAH COURT OF APPEALS

BLUERIDGE HOMES INC., JARED OESER, RYAN CLARK,
AND JULIANNE OESER,
Appellants,
*v.*
METHOD AIR HEATING AND AIR CONDITIONING, K&K STUCCO
& STONE LLC, HILL & MEHR HEATING & COOLING, CURTIS MINER
ARCHITECTS, PARRISH CONSTRUCTION COMPANY, DAVE'S CUSTOM
SIDING, AND HERCULES CONSTRUCTION INC.
Appellees.

Opinion
No. 20180310-CA
Filed September 6, 2019

Fourth District Court, Provo Department
The Honorable Samuel D. McVey
The Honorable Kraig Powell
No. 140401785

Richard K. Glauser and Richard Bissell, Attorneys
for Appellants

Joseph E. Minnock, Attorney for Appellee Method
Air Heating and Air Conditioning

Scott C. Powers and Erik R. Hamblin, Attorneys
for Appellee K&K Stucco & Stone LLC

Vincent J. Velardo and Thomas J. Rollins, Attorneys
for Appellee Hill & Mehr Heating & Cooling

Craig R. Mariger, Brad M. Liddell, and C. Michael
Judd, Attorneys for Appellee Curtis Miner Architects

Peter H. Barlow and Andrew D. Day, Attorneys
for Appellee Parrish Construction Company

Stephen F. Edwards, Attorney for Appellees
Dave's Custom Siding

Joseph J. Joyce and Jeremy G. Knight, Attorneys for
Appellee Hercules Construction Inc.

JUDGE DAVID N. MORTENSEN authored this Opinion, in which
JUDGES GREGORY K. ORME and KATE APPLEBY concurred.

MORTENSEN, Judge:

¶1    In this appeal, third-party plaintiffs in a construction
defect case seek to avoid a statute of repose but fail in that effort.
Plaintiff filed suit against its general contractor, Blueridge
Homes Inc. (Blueridge), in December 2014, alleging construction
defects in a condominium development project. In July 2015,
Blueridge filed a third-party complaint against its various
subcontractors, alleging that if Blueridge was liable to Plaintiff,
then subcontractors were liable to Blueridge. Although Plaintiff's
claims against Blueridge survived a motion to dismiss, the
district court dismissed Blueridge's third-party claims as time-
barred under Utah Code section 78B-2-225 (Builders' Statute of
Repose). Blueridge argues that the district court erred by
(1) dismissing its third-party complaint because it should have
related back to Plaintiff's December 2014 filing and (2) denying
its post-trial motions. We affirm the district court on both points.

BACKGROUND

¶2    Plaintiff entered into a contract with Blueridge as the
general contractor for a condominium development in Saratoga
Springs, Utah (Project). The Project consisted of nine buildings.
Upon substantial completion of each building, certificates of
occupancy were issued between May 2, 2007, and June 9, 2009.

¶3    On December 22, 2014, Plaintiff filed a complaint naming
Blueridge as defendant and raising various claims related to
alleged construction defects on the Project. Blueridge was first

notified of the suit when the complaint was served on February 13, 2015. Over five months later on July 15, 2015, Blueridge filed a third-party complaint against subcontractors Method Air Heating and Air Conditioning, K&K Stucco & Stone LLC, Hill & Mehr Heating & Cooling, Curtis Miner Architects, Parrish Construction Company, Dave's Custom Siding, and Hercules Construction Inc. (collectively, Appellees), alleging that Appellees were ultimately responsible for the construction defects raised in the initial complaint.

¶4 On November 30, 2015, Miner filed a motion to dismiss, arguing that the Builders' Statute of Repose barred Blueridge's third-party claims. *See* Utah Code Ann. § 78B-2-225(3)(a) (LexisNexis 2018)[1] ("An action . . . based in contract or warranty shall be commenced within six years of the date of completion of the improvement . . . ."). The district court granted Miner's motion on the grounds that the Builders' Statute of Repose had run on June 9, 2015, six years after the last certificate of occupancy was issued, Blueridge's third-party complaint was not filed until July 15, 2015, and Blueridge's third-party complaint did not relate back to the filing of Plaintiff's initial complaint because Appellees were not named parties in the initial complaint.

¶5 The remaining Appellees followed suit by filing motions for summary judgment, arguing that the Builders' Statute of Repose barred Blueridge's third-party complaint. Blueridge opposed the motions, arguing that the Builders' Statute of Repose did not bar its claims because rule 14 of the Utah Rules of Civil Procedure permitted it to "bring in a third party at any time after the commencement of the action." In other words,

---

1. Because the statutory provision in effect at the relevant time does not differ in any material way from the provision now in effect, we cite the current version of the Utah Code.

Blueridge argued that under rule 14, its third-party complaint should relate back to the initial complaint.

¶6   The district court rejected Blueridge's argument and granted the motions for summary judgment in favor of Appellees. The court ruled that where the last certificate of occupancy on the nine buildings for the Project was issued on June 9, 2009, and the third-party complaint was filed on July 15, 2015, the six-year Builders' Statute of Repose had run. The district court further ruled that if third-party complaints automatically related back to the filing of the original complaint, then rule 14 would become "an all-encompassing rule that would eliminate all limitations on third-party actions." (Citing *Perry v. Pioneer Wholesale Supply Co.*, 681 P.2d 214, 217 (Utah 1984).)

¶7   Blueridge later filed a motion to reconsider and motion to alter or amend pursuant to rule 59(e) for relief from judgment under rule 60(b) of the Utah Rules for Civil Procedure (Motions for Reconsideration).[2] In its Motions for Reconsideration, Blueridge raised three issues for the first time: (1) the existence of three certificates of occupancy for one of the nine buildings created a genuine dispute of material fact—which should preclude summary judgment—concerning when the Builders' Statute of Repose began to run for that building, (2) an exception to the Builders' Statute of Repose should have applied to Appellees, and (3) the Builders' Statute of Repose was unconstitutional as applied. The district court denied the Motions for Reconsideration, stating, "Having considered the written and oral arguments of the parties, the Court finds no persuasive grounds to reconsider its orders or to alter or amend its judgments."

---

2. A new judge was assigned to the case prior to Blueridge filing its Motions for Reconsideration.

¶8     Blueridge appeals.


ISSUES AND STANDARDS OF REVIEW

¶9     Blueridge argues that the district court erred in granting Miner's motion to dismiss and Appellees' motions for summary judgment. "A district court's grant of a motion to dismiss based upon the allegations in the plaintiff's complaint presents a question of law that we review for correctness." *Osguthorpe v. Wolf Mountain Resorts, LC*, 2010 UT 29, ¶ 10, 232 P.3d 999 (cleaned up). "We review the district court's grant of summary judgment for correctness and accord no deference to its conclusions of law." *Gardiner v. Anderson*, 2018 UT App 167, ¶ 14, 436 P.3d 237 (cleaned up).

¶10     Blueridge also contends that the district court erred by denying its Motions for Reconsideration. "Because [district] courts are under no obligation to consider motions for reconsideration, any decision to address or not to address the merits of such a motion is highly discretionary." *Mower v. Simpson*, 2017 UT App 23, ¶ 43, 392 P.3d 861 (cleaned up). Accordingly, "we will not disturb a district court's decision to grant or deny such a motion absent an abuse of discretion." *Id.* (cleaned up).


ANALYSIS

### I. The Builders' Statute of Repose Barred Blueridge's Third-Party Claims.

¶11     The Builders' Statute of Repose provides that "[a]n action . . . based in contract or warranty *shall* be commenced within six years of the date of completion of the improvement." Utah Code Ann. § 78B-2-225(3)(a) (LexisNexis 2018) (emphasis added). The date of completion is "established by the earliest of: (i) a

Certificate of Substantial Completion; (ii) a Certificate of Occupancy issued by a governing agency; or (iii) the date of first use or possession of the improvement." *Id.* § 78B-2-225(1)(c).

¶12    Here, the final certificate of occupancy on the Project was issued on June 9, 2009, and the third-party complaint was filed on July 15, 2015—more than six years later. Accordingly, Blueridge concedes that its third-party complaint was filed after the Builders' Statute of Repose had run.[3] Blueridge contends, however, that its third-party complaint should relate back to the filing of the initial complaint because rule 14 of the Utah Rules of Civil Procedure allows for filing a third-party complaint *at any time* after the commencement of the initial complaint.

¶13    Rule 14 of the Utah Rules of Civil Procedure provides that "[a]t any time after commencement of the action a defendant, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action." While we agree that rule 14 permits a party to file a third-party complaint at any time during the pendency of an action, it does not follow that rule 14 also bars third-party defendants from raising a statute of limitations or repose as an affirmative defense. *See Raithaus v. Saab-Scandia of Am., Inc.*, 784 P.2d 1158, 1161 n.5 (Utah 1989) ("[T]he statute of repose [is] a separate affirmative defense."). In other words, the language Blueridge relies on merely dictates when a third-party complaint can be filed—not

---

3. Blueridge contended in its Motions for Reconsideration and on appeal that a genuine dispute of material fact exists concerning whether its third-party complaint was timely for one of the nine buildings due to the existence of three certificates of occupancy for that building. As discussed below we conclude that this argument is without merit, *infra* ¶ 20, and further find that the district court did not abuse its discretion in declining to reach this issue in the first instance, *infra* ¶ 21.

what the substantive effect of the third-party complaint is or what defenses may be raised against the claims stated in a third-party complaint. *See Choate v. United States*, 233 F. Supp. 463, 464 (W.D. Okla. 1964) (acknowledging that a statute of limitations can be an affirmative defense to third-party claims properly raised under rule 14 of the Federal Rules of Civil Procedure). Therefore, we conclude that the district court did not err in dismissing Blueridge's third-party complaint because, although Blueridge was permitted to *file* its third-party complaint at any time under rule 14, rule 14 did not bar application of the Builders' Statute of Repose.

¶14    In spite of this, Blueridge argues that *Sharon Steel Corp. v. Aetna Casualty & Surety Co.*, 931 P.2d 127 (Utah 1997), demonstrates that its third-party complaint should relate back. In *Sharon*, the federal government sued a steel corporation, which then tendered the claim to three insurers. *Id.* at 130–31. Later, the corporation filed suit against all three insurers, claiming they were obligated to defend and indemnify the corporation in the initial suit. *Id.* The court determined that all three insurers had an obligation to defend and indemnify the company. *Id.* at 131. One of the three insurers paid the bulk of the defense costs on behalf of the corporation in the initial suit. *Id.* That insurer later filed a crossclaim against the two other insurers, both of whom were defendants in the action, to recover defense costs in excess of its obligation. *Id.* The insurers named in the crossclaim argued that the statute of limitations barred the crossclaim. *Id.* Our supreme court held, however, that the crossclaim would relate back because the parties in the complaint were the same as those in the crossclaim. *Id.* at 133.

¶15    Blueridge's reliance on *Sharon* is misplaced. In *Sharon*, the two defendant insurers named in the crossclaim were initially named as defendants when the steel corporation sued all three insurers for indemnification. *Id.* at 130–31. Thus, where the two defendant insurers had been timely brought into the case by the

initial complaint, the crossclaim could relate back. *See* Utah R. Civ. P. 15(c). But in this case, Appellees were not parties to the suit until the third-party complaint was filed and served. Therefore the Builders' Statute of Repose was properly applied to Blueridge's claims. *See Gables & Villas at River Oaks Homeowners Ass'n v. Castlewood Builders, LLC*, 2018 UT 28, ¶ 3, 422 P.3d 826 ("[W]e conclude that the homeowners association's claims are time-barred because no viable complaint was filed within the [Builders' Statute of Repose] period and the complaint did not relate back to a timely pleading.").

¶16 Conversely, Appellees cite *Perry v. Pioneer Wholesale Supply Co.*, 681 P.2d 214 (Utah 1984)—a case with nearly identical facts to this case. In *Perry*, a subcontractor provided doors to a general contractor for construction of a medical center. *Id.* at 216. The subcontractor ordered the doors from a distributor, who ordered them from a manufacturer. *Id.* The doors were deemed defective, and the general contractor sued the subcontractor. *Id.* Almost three years later, the subcontractor brought a third-party complaint against the distributor and the manufacturer. *Id.* When the distributor and the manufacturer brought motions for summary judgment on the ground that the subcontractor's claims were barred by a statute of repose, the subcontractor argued that the third-party complaint should relate back to the filing of the initial complaint. *Id.* Our supreme court rejected this argument, holding that the relation back doctrine does not apply to a pleading that "adds new parties who have no identity of interest with existing parties." *Id.* at 217.

¶17 *Perry* is applicable to these facts and further demonstrates that Blueridge's third-party complaint does not relate back to the initial complaint in this case. Simply put, *Perry* illustrates that when a pleading adds new parties to an action—as is the case here—that pleading cannot relate back to the initial complaint. *See id.* at 216. This holding is consistent with myriad other Utah cases related to complaints or amendments which add new

parties. *See, e.g.*, *Noor v. State*, 2019 UT 3, ¶ 42, 435 P.3d 221 ("[A]n amended pleading may relate back as long as the parties in an action have been reasonably put on notice of the new claims before the statute of limitations has expired."); *2010-1 RADC/CADC Venture, LLC v. Dos Lagos, LLC*, 2016 UT App 89, ¶ 11, 372 P.3d 683 (stating that the relation back "rule generally does not apply to an amendment which substitutes or adds new parties" (cleaned up)), *aff'd*, 2017 UT 29, 408 P.3d 313.

¶18 In light of the fact that Blueridge's third-party complaint was filed after the Builders' Statute of Repose had run and our conclusion that third-party complaints adding new parties do not relate back to prior pleadings under rule 14 or Utah case law, we conclude that the district court properly dismissed Blueridge's third-party complaint as time-barred.

## II. The District Court Did Not Err in Denying Blueridge's Motions for Reconsideration.

¶19 Blueridge raised three arguments in its Motions for Reconsideration: First, that the existence of three certificates of occupancy for building two created a genuine dispute of material fact that should have precluded summary judgment (for claims related only to that building); second, that the district court should have applied an exception to the Builders' Statute of Repose to Appellees; and third, that the Builders' Statute of Repose is unconstitutional as applied. Importantly, the court never ruled on the merits of these arguments.[4] Instead, having

---

4. We note that Blueridge's claims related to its Motions for Reconsideration are potentially unpreserved, *see Wilde v. Wilde*, 2001 UT App 318, ¶ 37 n.5, 35 P.3d 341 ("Raising an issue in a post-trial motion fails to preserve that issue for appeal without evidence that the [district] court considered and ruled on the (continued…)

reviewed the motions and entertained extensive oral argument, the district court found "no persuasive grounds to reconsider its orders or to alter or amend its judgments."

¶20     "Whether to reconsider a prior ruling is ordinarily within the sound discretion of the district court . . . ." *Colony Ins. Co. v. Human Ensemble, LLC*, 2013 UT App 68, ¶ 6, 299 P.3d 1149. "Factors that weigh in favor of the district court's decision to reconsider include, but are not limited to, (1) the matter being presented in a new or different light, (2) a change in the governing law, (3) the discovery of new evidence, or (4) a conviction that the prior decision was clearly erroneous." *Id.*[5] Importantly, when a district court determines that these factors do not weigh in favor of reconsideration, as the district court did here, we will reverse only if the court has abused its discretion. *See Bergmann v. Bergmann*, 2018 UT App 130, ¶ 12, 428 P.3d 89. Conversely, when a district court reaches the merits of a motion to reconsider and provides legal analysis and legal conclusions, we would reach the merits of its ruling. *See State v. Boyden*, 2019 UT 11, ¶ 21, 441 P.3d 737. Accordingly, on appeal we must decide whether the district court acted within its discretion in declining to reconsider its rulings.

---

(…continued)

merits of the issue."), but because neither party has briefed the apparent preservation flaw, we address these arguments.

5. The fact that a new judge had been assigned to this case for the Motions for Reconsideration, *supra* ¶ 7 n.2, has no bearing on our review, *see McLaughlin v. Schenk*, 2013 UT 20, ¶ 23, 299 P.3d 1139 ("[T]he replacement judge was free to reconsider the fairness hearing issue that had been previously ruled upon by the retired judge.").

¶21　We conclude that the district court did not abuse its discretion because all of the evidence and arguments raised for the first time in Blueridge's Motions for Reconsideration existed and could have been asserted when the underlying motion to dismiss and/or motions for summary judgment were briefed, argued, and ruled upon. The existence of three certificates of occupancy for building two was disclosed to Blueridge prior to Appellees' motions for summary judgment and it was available through public records all the while.[6] Thus, the other certificates of occupancy were not "new" evidence as Blueridge argues. Similarly, Blueridge's other arguments—that an exception to the Builders' Statute of Repose should have applied to Appellees and that the Statute is unconstitutional—were legal points that could have been raised by Blueridge at the time the dispositive motions were before the court in the first instance. We thus see the Motions for Reconsideration as nothing more than an effort to secure a do-over, and the district court acted well within its discretion in refusing to address the issues anew.

¶22　In sum, Blueridge has not shown that the evidence presented in its Motions for Reconsideration was "new" or that any arguments asserted could not have been made initially before the district court ruled on the motions to dismiss and for summary judgment. Therefore, the district court here did not

---

6. Without expressly ruling on the issue, we are hard-pressed to see how the existence of more than one certificate of occupancy would delay the time to file under the Builders' Statute of Repose because the plain language of the statute provides that the time to file begins at the *earliest* occurrence of a number of events, one being the issuance of a certificate of occupancy (whether or not additional certificates are issued later in time). *See* Utah Code Ann. § 78B-2-225(1)(c) (LexisNexis 2018).

abuse its discretion in declining to reconsider its previous rulings and denying Blueridge's motions.

## CONCLUSION

¶23    The district court did not err in granting summary judgment and dismissing Blueridge's third-party claims, because they were time-barred by the Builders' Statute of Repose. Further, we decline to reach the merits of the issues raised for the first time in the Motions for Reconsideration because the district court did not address the merits and Blueridge has not shown that the court abused its discretion in declining to do so.

¶24    Affirmed.

_____