2021 UT App 95

## THE UTAH COURT OF APPEALS

HANNAH VANLANINGHAM,
Appellant,
*v.*
RYAN HART AND HART DENTAL LLC,
Appellees.

Opinion
No. 20200259-CA
Filed September 2, 2021

Fourth District Court, Provo Department
The Honorable Kraig Powell
No. 180400540

David O. Black, Attorney for Appellant

Terence L. Rooney and J. Adam Sorenson, Attorneys
for Appellees

JUDGE JILL M. POHLMAN authored this Opinion, in which JUDGES
GREGORY K. ORME and MICHELE M. CHRISTIANSEN FORSTER
concurred.

POHLMAN, Judge:

¶1      Hannah Vanlaningham filed suit against Dr. Ryan Hart, DDS and Hart Dental LLC (collectively, Defendants) claiming they committed dental malpractice by failing to properly diagnose and treat her cavities. In her initial disclosures, Vanlaningham claimed $130,000 in special damages for costs associated with treatment needed to correct the harm Defendants allegedly caused. After the close of discovery, Defendants moved in limine to exclude Vanlaningham's special damages evidence at trial, arguing that she failed to provide a damages computation as required by rule 26 of the Utah Rules of Civil Procedure. The district court granted Defendants' motion, and we granted Vanlaningham's petition for interlocutory

review of that decision. Because we agree with the district court that Vanlaningham failed to provide a computation of her alleged damages, we affirm.

BACKGROUND

¶2 Vanlaningham, a former patient of Defendants, sued for dental malpractice after she discovered numerous problems with her teeth. She claims that due to Defendants' negligence, "[c]avities that were preventable or easily treatable were allowed to consume large portions of tooth structure" and that fillings used to repair damage, as well as other restoration work, will require "multiple replacement procedures during [her] lifetime."

¶3 Shortly after filing her complaint, Vanlaningham served her initial disclosures. Under the heading "Computation of Damages," she claimed $390,000 in "general damages for pain and suffering" and $130,000 in special damages, which "include[d] costs for treatment and future treatment." She also advised that she "ha[d] not fully computed [her] damages and w[ould] supplement the computation of damages when completed."

¶4 Approximately seven months later, Vanlaningham supplemented her initial disclosures but did not supplement her damages disclosure. Instead, she identified dental and health care providers who had treated her and she attached a billing ledger identifying dental services she had apparently received from another dental provider after leaving Defendants' care. The charges totaled around $4,000.

¶5 After fact discovery closed, Defendants took the deposition of Vanlaningham's treating dentist and designated expert (Expert). Referring to Vanlaningham's special damages claim, Expert testified that he was "the one [who] came up with that number" and that although he could "[e]asily" recreate his

calculation, he did not have any notes to show how he arrived at the number. He explained, "I have chicken scratches but I threw it away."

¶6 Later, and before the scheduled trial date, Defendants filed a motion in limine, seeking to exclude from trial "any testimony, documents, or other evidence" of Vanlaningham's special damages as a sanction for her failure to provide a damages computation as required by rule 26(a)(1)(C) of the Utah Rules of Civil Procedure. Defendants explained that although Vanlaningham disclosed a total dollar amount in her initial disclosures, she failed to provide a "computation of damages or an explanation of what evidence was relied upon to calculate damages." Defendants argued that they were prejudiced as a result, being left to guess at how Vanlaningham would try to prove her damages at trial.

¶7 In response, Vanlaningham argued that she satisfied her rule 26 obligation by setting out an exact amount—$130,000—for past and future dental care. She reasoned that because she stated "a specific amount of special damages for costs of treatment and future costs of treatment resulting from . . . Defendants' negligence," her disclosure "strictly compl[ied] with rule 26(a)(1)(C)."

¶8 After hearing oral argument from the parties, the district court granted Defendants' motion in limine. The court concluded that Vanlaningham had failed to satisfy her rule 26 initial disclosure obligation to provide a computation of her special damages and further observed that "no additional disclosures regarding the methodology and computation of [her] damages were set forth during the course of the case." Based on these failings, it ordered that all evidence of Vanlaningham's special damages would be excluded from trial.

¶9 On the basis that the district court's ruling left her with "little to no damage claim," Vanlaningham asked the court to

strike the trial date so that she could pursue an interlocutory appeal of the court's ruling. The court granted her request, and we granted her petition for interlocutory review. *See* Utah R. App. P. 5(a).

ISSUE AND STANDARDS OF REVIEW

¶10 Vanlaningham contends that the district court erred in concluding that she had failed to comply with rule 26(a)(1)(C) of the Utah Rules of Civil Procedure by not providing a damages computation. We review a district court's interpretation of the Utah Rules of Civil Procedure and appellate precedent for correctness. *See Keystone Ins. Agency, LLC v. Inside Ins., LLC*, 2019 UT 20, ¶ 12, 445 P.3d 434. To the extent Vanlaningham contends that the district court erred in excluding her damages-related evidence from trial, we review that decision for abuse of discretion. *See id.*

ANALYSIS

¶11 Rule 26 of the Utah Rules of Civil Procedure requires that parties make initial disclosures at the outset of litigation. *See* Utah R. Civ. P. 26(a)(1)–(2). Among other things, parties must disclose "a computation of any damages claimed and a copy of all discoverable documents or evidentiary material on which such computation is based." *Id.* R. 26(a)(1)(C). Parties are not excused from making damages disclosures on the ground that their case investigation is incomplete. *Id.* R. 26(d)(3). Rather, parties must make disclosures "based on the information then known or reasonably available to [them]," *id.* R. 26(d)(1), and they must timely supplement a disclosure if they become aware that it is "incomplete or incorrect in some important way," *id.* R. 26(d)(5). "If a party fails to disclose or to supplement timely a disclosure . . . , that party may not use the undisclosed witness, document or material at any hearing or trial unless the failure is

harmless or the party shows good cause for the failure." *Id.* R. 26(d)(4).

¶12 In this case, the district court concluded that Vanlaningham failed to satisfy her obligation under rule 26(a)(1)(C) to provide a computation of her alleged special damages. The court acknowledged that Vanlaningham disclosed "a specific sum" of damages, but it deemed that disclosure inadequate because Vanlaningham did not provide "a mathematical computation" or the "methodology" for her damages disclosure. Vanlaningham challenges the court's conclusion, contending that she complied with her initial disclosure obligation by disclosing that she claimed $130,000 in special damages, an "exact amount." She also argues, in the alternative, that even if her disclosure was inadequate, the court abused its discretion in excluding evidence of her damages at trial because her nondisclosure was harmless or excused by good cause. We disagree with Vanlaningham on both fronts.

A

¶13 In her initial disclosures, Vanlaningham acknowledged that her special damages disclosure of $130,000, which she explained "include[d] costs for treatment and future treatment," was incomplete and would require supplementation. But after failing to supplement that disclosure, Vanlaningham now defends it as compliant with rule 26(a)(1)(C), arguing that it "is simple and to the point." To be sure, Vanlaningham's disclosure was simple. She disclosed the lump sum total of her alleged special damages. But given the nature of her damages, the disclosure was too simple.

¶14 While rule 26(a)(1)(C) does not specify the level of detail required in a damages "computation," this court explained in *Sleepy Holdings LLC v. Mountain West Title*, 2016 UT App 62, 370 P.3d 963, that "the fact of damages *and the method for calculating the amount of damages* must be apparent in initial disclosures." *Id.*

¶ 14 (emphasis added) (cleaned up). We repeated that admonition in *Williams v. Anderson*, 2017 UT App 91, ¶ 18, 400 P.3d 1071. And in *Keystone Insurance Agency, LLC v. Inside Insurance, LLC*, 2019 UT 20, 445 P.3d 434, our supreme court endorsed that view, emphasizing that it is incumbent on plaintiffs to disclose the damages information they have "and, more crucially, [their] method and computation for damages." *Id.* ¶ 17. The court explained that without disclosure of a computation method, the defendant was left "to guess at what damages [the plaintiff] was seeking and how they were to be calculated." *Id.* ¶ 18. And that, in turn, "impaired [the defendant's] ability to understand the nature and quantity of the damages [the plaintiff] claimed, as well as the length, anticipated costs, and scope of the litigation being pursued."[1] *Id.* ¶ 20.

---

1. Federal courts applying comparable provisions of rule 26 of the Federal Rules of Civil Procedure similarly require plaintiffs to disclose the methodology behind their damages claim when it is not otherwise apparent from their disclosures. *See, e.g.*, *Nitta v. United States*, No. 2:17-cv-01137-GMN-CWH, 2019 WL 8272658, at *2 (D. Nev. June 28, 2019) ("Computation requires analysis, including a breakdown of categories related to the overall claim for damages."); *Champion Foodservice, LLC v. Vista Food Exch., Inc.*, No. 1:13-cv-1195, 2016 WL 4468000, at *5 (N.D. Ohio Aug. 23, 2016) ("The documentation and evidence required by Rule 26 must be sufficient to allow the opposing party to independently analyze the claim." (cleaned up)); *Allstate Ins. Co. v. Nassiri*, No. 2:08-cv-00369-JCM-GWF, 2011 WL 2977127, at *4 (D. Nev. July 21, 2011) ("The word 'computation' contemplates some analysis beyond merely setting forth a lump sum amount for a claimed element of damages."); *In re Mirabilis Ventures, Inc.*, No. 6:09-cv-271-Orl-31DAB, 2011 WL 3236027, at *5–7 (M.D. Fla. July 28, 2011) ("Where a party fails to properly identify a category of damages or to provide the calculations underlying it, it is within

(continued…)

¶15 Here, Vanlaningham defends her disclosure on the basis that she provided a total damages sum. But the method for calculating that sum is not apparent in her initial disclosures. She explained that the $130,000 total sum represents expenses for past and future dental treatment, but she neglected to provide Defendants with any information that would allow them to discern how the total was calculated. Defendants were left to guess at how much of the $130,000 was for past, as opposed to future, dental treatments, as well as what components figured into her damages claim for future treatment.

¶16 Vanlaningham resists this conclusion, arguing that her disclosures are akin to those approved by this court in *Williams* and *Bad Ass Coffee Co. of Hawaii Inc. v. Royal Aloha International LLC*, 2020 UT App 122, 473 P.3d 624. We do not share her view.

¶17 We reversed the district court in *Williams* because, although the plaintiff did not provide a total damages figure in his initial disclosures, he disclosed "both the fact of damages and the method by which those damages would be calculated." 2017

---

(…continued)

the court's discretion to exclude evidence relating to those damages."); *City & County of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003) ("The computation of damages required by [the federal counterpart to Utah's rule 26(a)(1)(C)] contemplates some analysis; for instance, in a claim for lost wages, there should be some information relating to hours worked and pay rate." (cleaned up)); *First Nat'l Bank of Chicago v. Ackerley Commc'ns, Inc.*, No. 94 Civ. 7539(KTD), 2001 WL 15693, at *6 n.6 (S.D.N.Y. Jan. 8, 2001) (stating that a discovery response that provided only a total figure and left the calculations to the non-disclosing party completely missed the point of initial disclosures).

UT App 91, ¶ 19. The plaintiff disclosed, among other things, that he claimed entitlement to 30% of the purchase price for a company the defendants (his former partners) sold. *Id.* ¶¶ 2, 5. The plaintiff was unaware of the company's purchase price, and so he could not calculate his damages claim. *Id.* ¶ 19. But the defendants knew the purchase price and "could readily calculate" the plaintiff's claimed damages by multiplying the purchase price by 30%. *Id.* Thus, we concluded that rule 26(a)(1)(C) was satisfied because the disclosure "gave adequate notice to [the defendants] of that portion of [the plaintiff's] damages claim and the method for calculating those damages." *Id.* ¶ 22. In contrast, Vanlaningham provided a total damages amount, but she did not reveal how that amount was calculated. Without some indication of how Vanlaningham arrived at her $130,000 damages figure, Defendants had far less information than the defendants had in *Williams*.

¶18 The disclosure in *Bad Ass Coffee* is similarly distinguishable. In that case, we affirmed the district court's determination that rule 26(a)(1)(C) was satisfied by the claimant's disclosure of "the perfectly round number of $500,000 as damages" for an alleged breach of an operating agreement. 2020 UT App 122, ¶¶ 35–37 (cleaned up). The difference between the $500,000 lump sum disclosure in *Bad Ass Coffee* and Vanlaningham's $130,000 disclosure is that unlike the $130,000 damages figure, "the $500,000 damages figure required no computation." *Id.* ¶ 37. The claimant's theory in *Bad Ass Coffee* "was that the figure represented the entire value of its in-kind contribution to the parties' venture" because the parties had stipulated by contract that the value of the claimant's services was $500,000. *Id.*; *see also id.* ¶ 33. Vanlaningham's damages figure, on the other hand, does not represent a single item. The $130,000 represents past dental work and dental work Vanlaningham anticipates needing in the future, but she has never disclosed how she arrived at that sum.

¶19 In short, Vanlaningham disclosed that she claimed $130,000 in special damages, but she did not provide a computation as required by rule 26(a)(1)(C). Instead, Defendants were left to guess at the components of and how Vanlaningham calculated her $130,000 special damages claim. Thus, the district court did not err in concluding that Vanlaningham failed to satisfy her initial disclosure obligation.

B

¶20 As discussed, *supra* ¶ 11, if a party fails to satisfy its initial disclosure obligations under rule 26(a)(1)–(2), the party may not use the undisclosed witness, document, or material at trial "unless the failure is harmless or the party shows good cause for the failure." Utah R. Civ. P. 26(d)(4). Although Vanlaningham devotes little attention to this provision, she appears to suggest that her failure to disclose a damages computation should be excused either as harmless—because Defendants had X-rays of her damaged teeth—or for good cause—because her damages were unknown to her and "driven by" expert analysis. As the party seeking relief from her rule 26 disclosure requirements, Vanlaningham bears the burden to demonstrate harmlessness or good cause. *See Keystone Ins. Agency, LLC v. Inside Ins., LLC*, 2019 UT 20, ¶ 18 n.7, 445 P.3d 434. Vanlaningham has not met her burden.[2]

---

2. The district court did not make express findings regarding harmlessness or good cause, likely because in defending against the motion in limine, Vanlaningham did not invoke rule 26(d)(4) or expressly argue that her failure to disclose should be excused for harmlessness or good cause. Vanlaningham mentioned that Defendants had copies of her X-rays, but she did not invite the court to excuse her nondisclosure on that basis. Similarly, Vanlaningham referred to Expert's deposition testimony and her

(continued…)

¶21 First, regarding harmlessness, "the key question . . . is whether a plaintiff's failure to disclose its . . . methods of computing damages impaired the defense's ability to properly build a defense against the damages claimed." *Chard v. Chard*, 2019 UT App 209, ¶ 45, 456 P.3d 776 (cleaned up). Defendants argue that Vanlaningham's failure to provide a damages computation impaired their ability to defend against her claim by denying them the opportunity to effectively depose Expert on Vanlaningham's damages claim and by leaving them in the dark as to how she would present her damages at trial. Vanlaningham challenges this assertion, arguing that because Defendants had her dental X-rays, they "had every bit of information" they needed "to conclude as to what future dental treatments . . . [she] would require as a result of [Defendants'] negligence." But Vanlaningham's argument misses the mark. Vanlaningham's X-rays may have provided Defendants with insight about the extent of her dental decay, but the X-rays did not reveal what expenses Vanlaningham claimed she had incurred or would incur to repair her teeth or how often she claimed repairs would

---

(…continued)

mother's deposition testimony regarding the damages claim, but she did not suggest that the need for expert testimony excused her nondisclosure or that the deposition testimony otherwise satisfied her disclosure obligation. Given the lack of attention paid to these issues, we have our doubts about whether Vanlaningham's claim that the court abused its discretion in excluding her damages is properly preserved. But because the preservation question has not been briefed, we elect to address this issue on its merits. *See Blueridge Homes Inc. v. Method Air Heating & Air Conditioning*, 2019 UT App 149, ¶ 19 n.4, 450 P.3d 114; *cf. State v. Kitches*, 2021 UT App 24, ¶ 28, 484 P.3d 415 (explaining that "if the merits of a claim can easily be resolved" against the appellant, "we readily may opt to do so without addressing preservation").

need to be repeated. And without that information, Defendants were left guessing at how Vanlaningham (or Expert) calculated her $130,000 damages claim, impairing their ability to properly build a defense.

¶22 Second, regarding good cause, Vanlaningham seeks to excuse her nondisclosure by claiming that her damages were unknown to her and required expert analysis. We are unpersuaded. Expert was advising Vanlaningham at the time she provided her initial disclosures. In fact, he testified that he was the one who came up with the $130,000 damages figure and that he could "[e]asily" recreate his computation. Thus, Vanlaningham has not shown good cause for not sharing Expert's computation with Defendants.

CONCLUSION

¶23 The district court did not err in concluding that Vanlaningham did not provide a damages computation as required by rule 26(a)(1)(C) of the Utah Rules of Civil Procedure. Further, the court did not abuse its discretion in ordering Vanlaningham's damages-related evidence excluded from trial. Accordingly, we affirm.

———————